UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>        Plaintiff,<br><br>   vs.<br><br>A. BAER, et al.,<br><br>        Defendants. | 1:19-cv-01801-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE DENIED (ECF No. 7.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Norman Gerald Daniels III ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The initial Complaint was filed by Plaintiff on August 19, 2019, at the Kings County Superior Court in Hanford, California, case number 19CV0717.  On December 23, 2019, defendant Baer, Martin, Melina, and Smith removed this case to federal court, invoking this court's federal question jurisdiction and supplemental jurisdiction.  28 U.S.C. § 1331.  (ECF No. 1.)

On February 3, 2020, Plaintiff filed a motion titled "motion in request for summary judgment." (ECF No. 7.)  In the motion Plaintiff requests the court to remand this case to the

state court. The court therefore construes Plaintiff's motion as a motion to remand. Plaintiff's motion to remand is now before the court. Local Rule 230(*l*).

## II.     PLAINTIFF'S MOTION TO REMAND

A defendant may remove a case from state to federal court if the federal court would have had jurisdiction over the matter were it originally filed there. 28 U.S.C. § 1441. Moore-Tomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). The defendant then bears the burden of establishing that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Although the federal removal statute carries with it a "strong presumption against removal," id., a plaintiff may not defeat removal by "artfully pleading" a federal cause of action as a state claim. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). District courts have federal question jurisdiction over all suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff argues that because the California Constitution mirrors the United States Constitution he should be allowed to litigate his claims in state court. He also argues that his claims under the Government Tort Claims Act are more properly brought in state court than in federal court. In opposition, defendants contend that they properly removed Plaintiff's case to federal court because Plaintiff alleges violations of his rights under the United States Constitution and expressly asserts a federal claim under § 1983.

Plaintiff alleges in the Complaint that his First Amendment rights to freedom of expression and his Fourteenth Amendment rights to due process of law were violated by defendants when they restricted his ability to correspond with other inmates. (Complaint at 12:25 – 13:3.) In addition, Plaintiff raises claims for conspiracy, deliberate indifference, negligence, and improper use of California regulations. (Complaint at 11:10-13, 17:1-8.)

Plaintiff has, by his allegations, brought § 1983 claims arising under federal law. This Court has federal-question jurisdiction over Plaintiff's claims under the First and Fourteenth Amendments and has supplemental jurisdiction over Plaintiff's state law claims which arise out of the same factual allegations as his federal claims. See 28 U.S.C. § 1367. The court therefore

finds that removal to Federal Court was proper and that Plaintiff's implied request to remand the matter to State Court, must be denied.

**III.      CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand this case to state court, filed on February 3, 2020, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** of the date of service of these Findings and Recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 8, 2020**                              **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

3