UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>        Plaintiff,<br><br>    vs.<br><br>BAER, et al.,<br><br>        Defendants. | **1:19-cv-01801-AWI-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO RESPOND TO THIS ORDER** |

**I.    BACKGROUND**

Norman Gerald Daniels III ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on August 19, 2019 (Case #19CV-0717). On December 23, 2019, defendants Baer, Martin, Melina, and Smith ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

It appears on the face of Plaintiff's Complaint that Plaintiff has not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). Section 1997e(a) applies to Plaintiff's case notwithstanding that it was initiated in State Court and later removed from State court. Luong v. Segueira, No. CV 16-00613 LEK-KSC, 2018 WL 1547122, at *5 (D. Haw. Mar. 29, 2018) (citing Harris v. Mangum, 863 F.3d 1133, 1140-41 (9th Cir. 2017)). Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint it appears clear that Plaintiff filed suit prematurely, and if such is the case then this action should be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

## III.    DISCUSSION AND ORDER

Plaintiff indicates in the Complaint that he is "currently in the process of filing staff complaints against the defendants" and that he has "initiated a set of Staff Complaints . . . in order to bring up my issues with the prison to correct the problem." (ECF No. 1 at 10:5-7, 20-

22.) Plaintiff states in the Complaint that he has "attempted to follow the prison's remedy system and used the prison's CDCR-22 Inmate Request for Interview, which is a document used by staff to answer inmate issues that are informal in nature [and] is also the informal level of the 602 [Inmate/Parolee] Complaint form." (Id. at 10:15-19.)

Nowhere in the Complaint does Plaintiff indicate that he completed all of the appeal levels required to exhaust his remedies pursuant to the Prison Litigation Reform Act using the CDCR 602 form procedure. Thus, it appears on the face of the Complaint that Plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated: __October 27, 2020__        __/s/ Gary S. Austin__
                                   UNITED STATES MAGISTRATE JUDGE