UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>    Plaintiff,<br><br>    vs.<br><br>BAER, et al.,<br><br>    Defendants. | 1:19-cv-01801-AWI-GSA-PC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br>**(ECF No. 15.)** |

## I.    BACKGROUND

Norman Gerald Daniels III ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on August 19, 2019 (Case #19CV-0717). On December 23, 2019, defendants Baer, Martin, Melina, and Smith ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

On October 28, 2020, the court issued an order requiring Plaintiff to show cause, within thirty days, why this case should not be dismissed based on Plaintiff's failure to exhaust administrative remedies before filing this lawsuit, in violation of 42 U.S.C. § 1997e(a). On January 29, 2021, Plaintiff filed a response to the court's order. (ECF No. 21.)

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). Section 1997e(a) applies to Plaintiff's case, even though it was removed from state court. Luong v. Segueira, No. CV 16-00613 LEK-KSC, 2018 WL 1547122, at *5 (D. Haw. Mar. 29, 2018).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

## III. PLAINTIFF'S RESPONSE TO THE COURT'S ORDER

Plaintiff responds, "I have initiated a set of Staff Complaints, using this later system in order to bring up my issues with the prison to correct the problem. This is wholly separate from my complaint here, yet it is necessary to include as part of evidence to show that staff are being grieved against . . . ." (ECF No. 21 at 1:19-23.) Plaintiff asserts that he followed the appeals

process system to its fullest before initiating a State Habeas Corpus Personal Injury claim against the four named Defendants. (Id. at 1:25-28.) He cites four grievances that he states have been fulfilled using the 602 process:

    SATF-G-19-4454, J. Melina

    SATF-g-19-4882, Captain Baer

    SATF-g-19-5828, Martins

    SATF-g-19-4451, S. Smith

(Id. at 2:4-6.) Plaintiff also indicates that he intends to file a motion to add four more defendants to the Complaint and has followed the prison appeals process to its fullest level for the new defendants.

### III. DISCUSSION

Plaintiff refers to a State Habeas Corpus Personal Injury claim that he initiated against the four named Defendants in this case. Plaintiff offers no other evidence that he is proceeding with a habeas corpus action. The present case is a § 1983 civil rights action, not a habeas corpus action, but it appears that Plaintiff argues in his response to the court's order that he has exhausted his remedies for the claims in this § 1983 action. Plaintiff asserts that he followed the appeals process "to its fullest" in four 602 appeals against the Defendants before initiating this case, as shown above. However, Plaintiff has not submitted evidence that he completed the appeals process to the highest level for each of the four appeals. Nor has Plaintiff represented that he exhausted his remedies before filing this lawsuit.

Plaintiff states in the Complaint that he is "currently in the process of filing staff complaints against the defendants" and has "initiated a set of Staff Complaints . . . in order to bring up my issues with the prison to correct the problem." (Comp., ECF No. 1 at 10:5-7, 20-22.) Plaintiff also states in his response to the court's order that he does "not have the time . . . to competently write his grievance complaints and [has], for ten years, tried to through various means to address this deficiency." (Response, ECF No. 21 at 2:7-10.)

///

Plaintiff is required under 42 U.S.C. § 1997e(a) to exhaust his available administrative

remedies before filing suit.  Plaintiff has shown that administrative remedies were available to him at SATF, because he filed four 602 grievances at SATF.  However, based on the facts known at this stage of the proceedings the court cannot find that this case should be dismissed for Plaintiff's failure to exhaust his remedies.  Therefore, the order to show cause shall be discharged.

## IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the court's order to show cause, issued on October 28, 2020, is DISCHARGED.

IT IS SO ORDERED.

Dated:   **February 3, 2021**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE