# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BAER, et al.,<br><br>　　　　Defendants. | 1:19-cv-01801-AWI-GSA-PC<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION TO AMEND**<br>**(ECF No. 24.)**<br><br>**ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND HIS COMPLAINT ONCE AS A MATTER OF COURSE**<br><br>**THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

## I.     BACKGROUND

Norman Gerald Daniels III ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on August 19, 2019 (Case #19CV-0717). On

December 23, 2019, defendants Baer, Martin, Melina, and Smith ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

On February 19, 2021, Plaintiff filed a motion to amend the complaint. (ECF No. 24.)

**II.    MOTION TO AMEND – FED. R. CIV. P. 15(a)**

Plaintiff requests leave to "re-write or amend the current complaint." (ECF No. 24 at 1:13-15.) Plaintiff also requests that the amended complaint "not be counted as a 'first amended complaint,' but a re-write of the complaint." Id. at 2:24-25.)

Plaintiff's request to call the amended complaint a "re-write of the complaint" instead of "a first amended complaint" is denied. The court finds no good cause to re-name the First Amended Complaint, and Plaintiff has not provided any. Therefore, if Plaintiff chooses to file an amended complaint at this stage of the proceedings, it shall be called the First Amended Complaint.

Plaintiff may file an amended complaint at this stage of the proceedings without leave of court. Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the Complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. Plaintiff shall be granted thirty days in which to file a First Amended Complaint, making the needed changes.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after August 19, 2019, the date the initial complaint was filed.  In addition, **Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint**.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints) (emphasis added).

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on December 23, 2019, is RESOLVED;
2. Plaintiff is informed that he may file an amended complaint at this stage of the proceedings without leave of court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure;
3. Plaintiff is granted thirty (30) days from the date of service of this order, in which to file a First Amended Complaint as instructed by this order, using the court's form;
4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:19-cv-01801-AWI-GSA-PC, and be an original signed under penalty of perjury;
6. If Plaintiff fails to file an amended complaint within the thirty-day time period, the court shall proceed with Plaintiff's original complaint filed on August 19, 2019;

7. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and

8. Plaintiff is warned that the failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 23, 2021**                              **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE