UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BAER, et al.,<br><br>　　　　Defendants. | 1:19-cv-01801-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 32.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　Plaintiff is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on August 19, 2019 (Case #19CV-0717). On December 23, 2019, defendants Baer, Martin, Melina, and Smith ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

　　On June 1, 2021, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 30.) On July 9, 2021, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 31.) Plaintiff has been granted three extensions of time but has not as yet filed the Second Amended Complaint.

On August 6, 2021, Plaintiff filed a motion for request for administrative accommodations, which the court construes as a motion for preliminary injunctive relief. (ECF No. 32.) On September 10, 2021, Defendants filed an opposition to the motion. (ECF No. 35.) On October 14, 2021, Plaintiff filed a response to the opposition. (ECF No. 38.) Plaintiff's motion is now before the court. Local Rule 230(*l*).

## II. PRELIMINARY INJUNCTIVE RELIEF

A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Rule 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks

injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

**Discussion**

Plaintiff seeks a court order requiring officials at the California Substance Abuse Treatment Facility and State Prison, where Plaintiff is incarcerated, to provide him with a laptop computer, other equipment, software, and better access to case law.

In opposition to Plaintiff's motion, Defendants argue that Plaintiff has been provided with access to library resources, including an ADA computer, that allow him to pursue this litigation.

The court cannot grant preliminary injunctive relief in this case because there is no complaint on file upon which relief may be granted, and the court does not have jurisdiction over any of the defendants in this action. On July 9, 2021, the court dismissed Plaintiff's First Amended Complaint for failure to state a claim, with leave to amend. More than ninety days have passed, and Plaintiff has not amended the complaint. "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Moreover, the injunctive relief sought in Plaintiff's motion is not related to the claims brought in the complaint. In his First Amended Complaint, Plaintiff alleged that prison officials

denied him the ability to correspond with an inmate at another prison. In contrast, Plaintiff's motion for preliminary injunction requests computer equipment and other accommodations to assist him with litigation. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.  CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on August 6, 2021, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 17, 2021**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE