# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN G. DANIELS,<br><br>                  Plaintiff,<br><br>    v.<br><br>BAER, et al.,<br><br>                  Defendants. | 1:19-cv-01801-AWI-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT**<br>**(ECF No. 50.)**<br><br>**ORDER DEEMING PLAINTIFF'S SECOND AMENDED COMPLAINT TIMELY FILED**<br>**(ECF No. 51.)** |

## I.     BACKGROUND

Norman G. Daniels ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 23, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On March 2, 2022, Plaintiff filed a motion for reconsideration of the court's order issued on February 22, 2022. (ECF No. 51.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, Plaintiff objects to the court's decision to deny Plaintiff's motion for extension of time to file the Second Amended Complaint. On February 18, 2022, Plaintiff filed a motion for extension of time to file the Second Amended Complaint. (ECF No. 48.) On February 22, 2022, the court issued an order denying Plaintiff an extension of time and advising him that the deadline to file the Second Amended Complaint was February 28, 2022. (ECF No. 49.)

Plaintiff argues that he needs an extension of time because he is legally blind, lacks sufficient access to the law library, and needs assistance to prepare his filings. However, on March 4, 2022, Plaintiff filed the Second Amended Complaint. (ECF No. 51.) Because of this filing, Plaintiff's motion for reconsideration is moot. In this circumstance the court shall deny Plaintiff's motion and deem the Second Amended Complaint timely filed.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on March 2, 2022, is denied as moot;

2. Plaintiff's Second Amended Complaint, filed on March 3, 2022, is deemed timely filed; and

3. The Second Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: **March 8, 2022**        /s/ Gary S. Austin
                    UNITED STATES MAGISTRATE JUDGE