UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NORMAN GERALD DANIELS III,

Plaintiff,

vs.

A. BAER, et al.,

Defendants

**1:19-cv-01801-AWI-GSA-PC**

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**

**(ECF No. 51.)**

**OBJECTIONS, IF ANY, DUE IN 14 DAYS**

## I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on August 19, 2019 (Case #19CV-0717). On December 23, 2019, defendants Baer, Martin, Melina, and Smith ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

On June 1, 2021, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 30.) On July 9, 2021, the Court dismissed the First Amended Complaint for failure to state

a claim, with leave to amend. (ECF No. 31.) On March 4, 2022, Plaintiff filed the Second Amended Complaint which is now before the Court for screening. (ECF No. 51.) 28 U.S.C. § 1915.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, where the events at issue in the Second Amended Complaint occurred. Plaintiff names as defendants Captain Baer, J. Melina, Martins,

S. Smith (Associate Warden), Zamora (CCII), Shaw (CCII), Cisneros (Associate Warden), and K.J. Allen (Chief Appeals Examiner) (collectively, "Defendants"). A summary of Plaintiff's allegations follow:

The gravamen of Plaintiff's complaint is that his First and Fourteenth Amendment rights were violated because prison officials used the wrong subsection of a California regulation to justify denying his request to correspond with an inmate at another prison. Plaintiff states that he does not challenge the regulation or the decisions that were made in response to his requests to correspond, but rather he challenges the improper use of a regulation by misinterpreting it. He alleges that Defendants failed to follow state regulations, and even after being informed of the error they failed to do anything about it. He claims that these violations caused discrimination against him and inconsistency in the decisions made by officials. The regulations at issue are Cal.Code Regs. tit 15, § 3139(b) and § 3139(f). Plaintiff alleges that officials improperly used § 3139(f) to deny his requests to correspond, when they should have used § 3139(b).

Plaintiff also alleges that officials are not properly following some regulations when managing prison appeals, as outlined in Cal.Code Regs. tit 15, § 3084. In some cases, officers have gone against regulations and heard their own misconduct complaints, which is not allowed. Some Defendants in supervisory positions are not properly supervising or training their employees, or acting to remedy the violation of regulations.

Plaintiff also complains that the ADA equipment he uses to prepare documents and litigate his claims is not up to date.

As relief, Plaintiff seeks monetary damages.

## IV. PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

**B. State Regulations**

Plaintiff disagrees with the application of the state regulation at Cal.Code Regs. tit. 15, § 3139(f) by prison officials to deny his requests to correspond with an inmate incarcerated at another prison. He alleges that prison officials should use Cal.Code Regs. tit. 15, § 3139(b) instead. Plaintiff does not challenge the constitutionality of either of the regulations, but rather how prison officials apply § 3139(f).

Violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). Moreover, Plaintiff cannot assert an independent cause of action based on the purported violation of § 3139 of the California Code of Regulations. "The existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations." K'napp v. Adams, No. 1:06–cv–01701–LJO–GSA (PC), 2009 WL 1292347, at *4, 2009 U.S. Dist. LEXIS 38682, at *12 (E.D.Cal. May 7, 2009). There is no implied private right of action under title fifteen of the California Code of Regulations. Id. at *4–5, 2009 U.S. Dist. LEXIS 38682 at *12–13. Therefore, Plaintiff fails to state a claim under § 1983 for misapplication of state regulations.

**C. First Amendment Freedom of Speech**

The standards governing First Amendment claims of incarcerated persons were outlined by the United States Supreme Court in Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). A prisoner's First Amendment rights are necessarily "more limited in scope than

the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001). Thus, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974) ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (citations and internal quotation marks omitted); Bell v. Wolfish, 441 U.S. 520, 545 (1979); Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001).

Generally, prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). However, a prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner, 482 U.S. at 89.

There is no right for inmates at different institutions to correspond with each other, whether on legal matters or otherwise. McKinney v. DeBord, 324 F. Supp. 928, 932 (E.D. Cal. 1970), aff'd in part, rev'd in part sub nom. McKinney v. De Bord, 507 F.2d 501 (9th Cir. 1974) (citing Putt v. Clark (N.D.Ga.1969) 297 F.Supp. 27; Vida v. Cage (6th Cir. 1967) 385 F.2d 408; In re Harrell (1970) 2 Cal.3d 675, 690, modified at 2 Cal.3d 911a, 87 Cal.Rptr. 504, 470 P.2d 640).

Under Turner, prison officials may entirely prohibit correspondence between felons based on security concerns. See Turner, 482 U.S. at 93 ("Undoubtedly, communication with other felons is a potential spur to criminal behavior: this sort of contact frequently is prohibited even after an inmate has been released on parole. Witherow v. Crawford, 468 F. Supp. 2d 1253, 1270 (D. Nev. 2006), on reconsideration, No. 3:01-CV-00404LRHVPC, 2007 WL 2767206 (D. Nev. Aug. 28, 2007), adhered to, No. 3:01-CV-00404LRHVPC, 2007 WL 2509030 (D. Nev. Aug. 30, 2007), and aff'd, 339 F. App'x 785 (9th Cir. 2009).

A plaintiff/inmate has the burden to show that a government restriction on expression or assembly is not reasonable. See Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (citations omitted). Plaintiff has not met the standards set forth here. Plaintiff has not demonstrated that

the denial of his requests to correspond with another inmate was inconsistent with his status as a prisoner, or inconsistent with the legitimate penological objectives of the corrections system.

Therefore Plaintiff fails to state a claim for violation of the First Amendment.

**D. Fourteenth Amendment Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Individuals in custody have a "Fourteenth Amendment due process liberty interest in receiving notice that . . . incoming mail is being withheld by prison authorities." Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999). This liberty interest is protected from "arbitrary government invasion" and any decision to censor or withhold delivery of mail "must be accompanied by minimum procedural safeguards." Procunier v. Martinez, 416 U.S. 396, 418-19 (1974) (noting that the following minimum procedures are required: (1) notifying the individual of the rejection of a letter; (2) allowing the author of the letter a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the person who made the censorship decision), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989) Matthews v. Ulrich, No. 2:16-CV-01958-SB, 2020 WL 6392852, at *3 (D. Or. Nov. 2, 2020), aff d sub nom. Matthews v. Taylor, No. 20-36008, 2021 WL 2555715 (9th Cir. June 22, 2021).

Plaintiff alleges that he was not afforded his rights to due process when his request to correspond with another inmate was denied. However, Plaintiff has not alleged that Defendants censored or otherwise rejected any of his mail, or that he was denied the minimum procedures required under due process. Therefore, Plaintiff fails to state a due process claim.

**E. Appeals Process**

Some of Plaintiff's allegations against Defendants pertain to their review and handling of Plaintiff's inmate appeals. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible.

Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that Defendants failed to properly process his prison appeals fail to state a cognizable claim.

**F. Conspiracy**

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section

1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Though he uses phrases like "conspiracy" and "conspired," he does not provide any specific facts that show that any of the Defendants had an agreement to violate his First Amendment or other constitutional rights. There is absolutely no indication of any agreement between any of the Defendants. Therefore, Plaintiff fails to state a claim for conspiracy.

**G. Equal Protection – Fourteenth Amendment Claim**

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,'" (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff fails to state an equal protection claim. He has not alleged facts showing that any of the Defendants personally acted against him with an intent or purpose to discriminate against Plaintiff based upon his membership in a protected class, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

Thus, based on the foregoing, Plaintiff fails to state a claim for violation of his right to equal protection.

**H. State Law Claims**

Plaintiff alleges that supervisory prison officials have not properly trained or supervised their subordinates. This is a state law claim. Violation of state torts, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen, 477 F.3d at 662. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's state claims fail.

Moreover, to state a cognizable state law claim, Plaintiff must sufficiently plead the claim presentation requirement contained in California Government Code § 900 et seq. California's Government Claims Act, which establishes certain conditions precedent to the filing of a lawsuit against a public entity. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 90 P.3d 116, 118 (2004). "[A] plaintiff must timely file a claim for money or damages with the public entity, (§ 911.2.), and the failure to do so bars the plaintiff from bringing suit against that entity, (§ 945.4.)." Id. Compliance with the claim presentation requirement is an element of the cause of action, id. at 1240, and is required, Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (Cal. 2007) at 738; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007). The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues. California Government Code § 911.2. A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D.

Cal. 2012) (quoting Bodde, 32 Cal.4th at 1243; Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (1983). Plaintiff has not done so.

**I. Americans With Disabilities Act (ADA) Equipment**

Plaintiff alleges that the ADA equipment he uses to prepare documents and litigate his claims is not up to date. To the extent that Plaintiff seeks to file an ADA claim, access-to-courts claim, or any other claim, these allegations fail to state a claim because they are vague and conclusory and do not allege facts showing that Plaintiff's rights were violated.

Therefore, Plaintiff fails to state a claim concerning the deficiencies in his ADA equipment.

**V. CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Second Amended Complaint against any of the individual Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, the Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1. This case be dismissed, with prejudice, for Plaintiff's failure to state a claim; and
2. The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**fourteen days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 23, 2022**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE