UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>Plaintiff,<br><br>v.<br><br>A. BAER, et al.,<br><br>Defendants. | No.  1:19-cv-01801 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE NOTICE OF CURRENT ADDRESS AND TO INFORM COURT IF HE WISHES TO CONTINUE TO PROSECUTE THIS CASE<br><br>PLAINTIFF'S RESPONSES DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner[1] proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendants removed this matter from state court to federal court.  See ECF No. 1.

For the reasons stated below, Plaintiff will be ordered to provide the Court with a notice of his current address.  In addition, he will be directed to inform the Court whether he wishes to continue to prosecute this case.

---

[1] Plaintiff's prison ID number is T46088.  See case caption of docket.  It appears that Plaintiff is no longer incarcerated by the California Department of Corrections and Rehabilitation.  See https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=T46088 (stating "No Results" found for CDCR number T46088) (last visited 7/23/25).

1

### I. RELEVANT FACTS

On September 28, 2022, the District Judge assigned to this matter adopted the findings and recommendations of the undersigned, and the case was closed. See ECF Nos. 53, 59, 60 (findings and recommendations; order adopting; judgment, respectively). Thereafter, on October 25, 2022, Plaintiff's notice of appeal to the Ninth Circuit was docketed. ECF No. 61.

On June 30, 2025, the Ninth Circuit issued a memorandum on Plaintiff's appeal. ECF No. 68. The opinion affirmed the District Court's opinion in part, and it reversed and remanded it in part. Id. On July 22, 2025, the appellate court's mandate issued. ECF No. 69.

### II. DISCUSSION

The last filing that Plaintiff did in this case was in October of 2022, when he filed a notice of appeal with the Court. See ECF No. 61. Since then, he has filed nothing else. In addition, as stated above, a recent search for Plaintiff in the California Department of Corrections and Rehabilitation's inmate database by his prison identification number indicates that Plaintiff is no longer in its custody. The Court takes judicial notice of this fact. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Given these facts, as well as the fact that to date, Plaintiff has not filed a notice of change of address with the Court, before proceeding any further with this matter, Plaintiff will be ordered to file a notice of change of address with the Court, and he will also be directed to inform the Court whether he wishes to continue to prosecute this case. Plaintiff will be given fourteen days to do both.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order, Plaintiff shall:

1. FILE a notice of current address with the Court, and
2. INFORM the Court whether he wishes to continue to prosecute this case.

IT IS SO ORDERED.

Dated:   **July 23, 2025**            **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE