1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NORMAN GERALD DANIELS, III,              No.  1:19-cv-01801 KES GSA (PC)

12                 Plaintiff,                 FINDINGS AND RECOMMENDATIONS

13         v.                                 ORDER RECOMMENDING DISMISSAL
                                              FOR FAILURE TO OBEY COURT ORDER
14   A. BAER, et al.,                         AND FOR FAILURE TO KEEP COURT
                                              APPRISED OF CURRENT ADDRESS
15                 Defendants.
                                              PARTIES' OBJECTIONS DUE IN
16                                            FOURTEEN DAYS

17

18         Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action

19   seeking relief under 42 U.S.C. § 1983.  On December 23, 2019, Defendants removed this matter

20   to federal court.  See ECF No. 1.  The matter was referred to a United States Magistrate Judge

21   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22         For the reasons stated below, the undersigned will recommend that this matter be

23   dismissed for Plaintiff's failure to keep the Court apprised of his current address and for his

24   failure to obey a court order.  The parties will be given fourteen days to file objections to this

25   order.

26         I.    RELEVANT PROCEDURAL HISTORY

27               A.  Adoption of Dispositive Findings and Recommendations

28         On March 24, 2022, the undersigned screened Plaintiff's SAC and found that it failed to

                                              1

state a claim upon which relief could be granted.  ECF No. 53 at 11.  As a result, it recommended that the matter be dismissed.  Id.

On May 18, 2022, Plaintiff's objections to the findings and recommendations were docketed.  ECF No. 58.  Thereafter, on September 28, 2022, the District Judge who was assigned to the matter at the time adopted the findings and recommendations.  ECF Nos. 59, 60 (order adopting and judgment).

B.  Plaintiff's Appeal; Circuit's Affirmation In Part and Reversal In Part

In October of 2022, Plaintiff appealed the decision.  See ECF Nos. 61, 62 (notice of appeal and appeal dated 10/25/22).  A considerable amount of time later, on June 30, 2025, the Ninth Circuit issued its opinion which affirmed this Court's ruling in part and reversed and remanded in part.  See ECF No. 68.

C.  Order Regarding Current Address and Desire to Continue to Prosecute

Because almost three years had passed since Plaintiff filed his appeal in the Ninth Circuit, the Court ordered Plaintiff to:  (1) file a notice of current address with the Court, and (2) inform the Court whether he still wished to prosecute this case.  ECF No. 70 at 2.  Plaintiff was given fourteen days to comply with the Court's order.  Id.

D.  Order Returned to Court Marked "Undeliverable, Paroled"

On August 7, 2025, the Court's July 24, 2025, order was returned to it marked "Undeliverable, Paroled."  See 8/7/25 docket entry.  More than forty-five days have passed and Plaintiff has neither filed a response to the Court's order, nor has he requested an extension of time to do so.  Plaintiff has not responded to the Court's order in any way.

II.    APPLICABLE LAW

A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails

to notify the Court and other parties of his address change.  Id.  Finally, Local Rule 183(b) gives a

party who appears in propria persona a period of time to file a notice of change of address if some

of his mail is returned to the Court.  Id.

B.  Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

failure to comply with a court order.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case
> for failure to comply with a court order:  "(1) the public's interest in expeditious
> resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
> prejudice to the defendants; (4) the public policy favoring disposition of cases on
> their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III.    DISCUSSION

A.  Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This
Case

Although the docket indicates that Plaintiff's copy of the order which directed him to file

a notice of current address and to inform the Court whether he wished to continue to prosecute

this case was returned, Plaintiff was properly served.  It is a plaintiff's responsibility to keep a

court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of

documents at the record address of the party is fully effective.  The fact that Plaintiff failed to file

a notice of change of address with the Court after he had been paroled, by itself, warrants the

dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B.  Application of Malone Factors Supports the Dismissal of This Case

1.  Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than sufficient time to file a notice of change of address

with the Court, as well as to inform it whether he wishes to continue to prosecute this case.  Yet,

he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not

1    having done so.

2    The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly

3    dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

4    the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San

5    Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

6    keeping this case on the Court's docket when:  (1) after almost three years since Plaintiff's last

7    contact with the Court *and* after being paroled, Plaintiff has not made an independent effort to file

8    a notice of current address with the Court, and (2) Plaintiff has not informed the Court and

9    Defendants whether he wishes to continue to prosecute this case, such is not a good use of the

10   Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a

11   quicker disposition of this case.  Additionally, in fairness to the many other litigants who

12   currently have cases before the Court, no additional time should be spent on this matter.

13

14          2.  Risk of Prejudice to Defendants

15   Furthermore, for the past five years and nine months, it is indisputable that Defendants

16   have spent time and resources defending against this matter.  They were brought into this matter

17   by Plaintiff.  Requiring them to remain in it and wait for Plaintiff to inform them where he is

18   located, or requiring Defendants to file a response to any order the Court may issue in response to

19   the Ninth Circuit's remand would not serve the interests of judicial economy.  As a result, there

20   will be no prejudice to anyone other than Plaintiff should the matter is dismissed.  On the

21   contrary, dismissal will benefit Defendants because they will not have to continue to defend

22   themselves against Plaintiff's complaint.

23          3.  Availability of Less Drastic Sanctions; Favored Disposition of Cases on

24

---

25   [1]  The Eastern District of California carries one of the largest and most heavily weighted
     caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of
26   California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far
     exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").
27   This problem is compounded by a shortage of jurists to review its pending matters.  See generally
     id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent
28   judgeships for Eastern District of California).

Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules – i.e., much more than thirty days[2] – to file a change of address with the Court, nor having informed the Court of whether he wishes to continue to prosecute this case, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation in this case by him, nor can it be disposed of on its merits.

IV.  CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey a court order and for Plaintiff's failure to keep the Court apprised of his current address.  Despite the fact that Plaintiff cannot be located, a period of fourteen days will be given for him to file objections to this order.  However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge assigned to this action will likely dismiss this case immediately.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  This matter be DISMISSED without prejudice for Plaintiff's failure to obey a court order and for his failure to keep the Court apprised of his current address.  See Fed. R. Civ. P. 41(b); Local Rule 110, and 183(b).

2.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that a party

---

[2]  In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days.  See Local Rule 183(b).

wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   __September 25, 2025__            _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE